UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

PAMELA SUE DESIR,                         )
                                          )
                    Appellant,            )
                                          )
        v.                                )    No. 1:25-cv-00764-JRS-CSW
                                          )
LOANDEPOT.COM, LLC,                       )
US BANK TRUST NATIONAL                    )
ASSOCIATION,                              )
                                          )
                    Appellees.            )

**Order**

Appellant Pamela Sue Desir, proceeding *pro se*, appeals from several orders issued by the bankruptcy court in her now-dismissed Chapter 13 bankruptcy case. *See* Cause Nos. 1:25-cv-481-JRS-MG; 1:25-cv-482-JRS-MKK; 1:25-cv-765-JRS-MG; 1:25-cv-828-JRS-TAB. Here, Desir appeals from the bankruptcy court's orders overruling her jurisdictional objection and denying her motion for reconsideration of the same. (Notice Appeal, ECF No. 1.) For the following reasons, Desir's appeal is **dismissed**.

## I.    Background

Desir, proceeding *pro se* before the bankruptcy court, filed a voluntary petition for Chapter 13 bankruptcy in September 2024. (Pet., ECF No. 12-2 at 1.) Desir identified mortgages on four real properties; however, she disputed all creditors' claims related to the mortgages and valued each of these claims at $0.00. (Schedule D, ECF No. 12-2 at 29–30.) Several creditors, including the mortgage holders, filed proof of their claims, to which Desir objected. (*See* Docket 8, 13, ECF No. 12.)

Desir proposed a Chapter 13 plan.  (*See* Am. Ch. 13 Plan, ECF No. 12-2 at 61–62.) The Trustee and several creditors objected to Desir's Chapter 13 plan for many reasons, including Desir's failure to provide for repayment of the real estate claims that Desir contested and valued at $0.00.  (*See, e.g.*, Obj., ECF No. 12-2 at 68–69.)  In addition to these objections, Appellees—two of the mortgage holders—filed motions for relief from Chapter 13's automatic stay for several reasons, including Desir's failure to make required mortgage payments.  (*See, e.g.*, Mot. Relief Stay, ECF No. 12-2 at 76–78.)  The bankruptcy court held a hearing on January 28, 2025, to address Desir's proposed Chapter 13 plan, the various objections, and the motions for relief from the automatic stay.  (*See* Docket 10–11, ECF No. 12.)

Also on January 28, 2025, the Trustee moved to dismiss Desir's bankruptcy case because Desir failed to make the required monthly payments to the Trustee. (Trustee's Mot. Dismiss, ECF No. 12-3 at 3.)  The motion to dismiss included a notice of objection deadline, which provided that "any objection to this motion must be filed with the [Bankruptcy] Court within twenty-one (21) days."  (*Id.* at 3.)  The notice further stated that "[i]f no objection is timely filed, an order may be entered by the [Bankruptcy] Court for the relief requested."  (*Id.*)  Desir failed to object or otherwise respond to the Trustee's motion to dismiss within twenty-one days.  Accordingly, the bankruptcy court dismissed Desir's bankruptcy case on March 5, 2025.   (Order Dismissing Case, ECF No. 12-3 at 28.)  Desir timely filed a Motion for Relief from Order of Dismissal, asserting that her bankruptcy case should be reopened because

she caught up on the delinquent payments to the Trustee.   (Mot. Relief Order Dismissal, ECF No. 12-3 at 30–32.)

While Desir's motion for relief from the dismissal was pending, Desir filed an "Objection to Article I Court Jurisdiction and Demand for Article III Adjudication."[1] (Obj., ECF No. 12-3 at 57–73.)  In short, Desir requested adjudication of the following matters by an Article III tribunal: (1) her objections to creditors' claims, (2) "disputes over secured interests and negotiable instruments"; (3) motions for relief from stay; (4) state-law contract disputes; and (5) motions for relief from dismissal.  (*Id.* at 59.) These matters, according to Desir, were "non-core" and "constitutionally sensitive" matters, and she refused consent to the bankruptcy court's "entry of final orders" on these matters.  (*Id.* at 61.)

The bankruptcy court overruled Desir's Objection and denied relief to the extent the Objection was, in fact, a motion.   (Order Overruling "Objection" & Denying "Motion," ECF No. 12-3 at 74–75.)   The bankruptcy court concluded that Desir's Objection failed to "identify some specific matter or action to which the objection [wa]s directed" as required by Federal Rule of Bankruptcy Procedure 9026.  (*Id.* at 74–75.) Moreover, to the extent the Objection was a motion, the bankruptcy court observed that it "ramble[d] about jurisdictional matters but set[] forth no valid grounds for the

---

[1] The bankruptcy court observed that Desir's jurisdictional objection possessed qualities of both an objection and a motion. (Order Overruling "Objection" & Denying "Motion," ECF No. 12-3 at 74.)  The Court agrees.  For simplicity, however, the Court refers to Desir's jurisdictional objection/motion as her "Objection."

3

relief requested," which ran afoul of Bankruptcy Rule 9013(b). (*Id.* at 75.) Desir filed a motion for reconsideration. (Mot. Recons., ECF No. 12-3 at 77–83.)

The bankruptcy court denied Desir's motion for reconsideration. (Order Denying Mot. Recons., ECF No. 12-3 at 86–87.) The bankruptcy court disagreed with Desir's contention that it "misapprehended the legal basis, factual grounding, and specific targets of the objection." (*Id.* at 86.) Moreover, the bankruptcy court invited Desir to "make any such objection in accordance with the Federal Rules of Bankruptcy Procedure," rather than by improperly and generally asserting all objections in one omnibus pleading. (*Id.* at 86–87.) Here, Desir appeals the bankruptcy court's orders overruling her Objection and denying her motion for reconsideration. (Notice Appeal, ECF No. 1.)

The following month, on April 22, 2025, the bankruptcy court denied Desir's Motion for Relief from Order of Dismissal. (Docket 20, ECF No. 12.) Desir appealed from the bankruptcy court's order denying her motion for relief from the dismissal of her bankruptcy case. *See* Notice of Appeal, *Desir v. U.S. Bank et al.*, 1:25-cv-828-JRS-TAB (S.D. Ind. Apr. 30, 2025) (ECF No. 1). Desir also sought appeal from the bankruptcy court's minute orders directed to several pending matters, including responses to Desir's objections to creditors' claims, Desir's objections to creditors' motions for relief from stay, and objections to the confirmation of Desir's amended Chapter 13 plan. *Id.*; (*see also* Docket 20–21, ECF No. 12). This Court affirmed the bankruptcy court's order. Order Affirming Bankruptcy Court's Order, *Desir v. U.S. Bank et al.*, 1:25-cv-828-JRS-TAB (S.D. Ind. Mar. 16, 2026) (ECF No. 23).

## II.    Jurisdiction & Standard of Review

Under 28 U.S.C. § 158(a), the Court has jurisdiction to review the bankruptcy court's "final judgments, orders, and decrees."  Additionally, the Court has discretion to exercise jurisdiction over appeals from the bankruptcy court's interlocutory orders. 28 U.S.C. § 158(a)(3) (emphasis added) ("The district courts . . . shall have jurisdiction to hear appeals . . . *with leave of the court*, from other interlocutory orders and decrees[.]").

## III.    Analysis

Despite Desir's contention that this appeal seeks review of final judgments of the bankruptcy court, (*see* Appellant's Br. 5, ECF No. 15), the orders at issue here are interlocutory and may be reviewed only with leave of the Court.  The Court finds that an interlocutory appeal is unwarranted and declines to grant Desir leave to appeal.

### A. Finality

"It is well established that the concept of finality for purposes of bankruptcy appeals is more flexible" than finality in other civil appeals. *In re Comdisco, Inc.*, 538 F.3d 647, 651 (7th Cir. 2008).  Often, "[a] bankruptcy case involves 'an aggregation of individual controversies,' many of which would exist as stand-alone lawsuits but for the bankrupt status of the debtor." *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015) (quoting 1 Collier on Bankruptcy ¶ 5.08[1][b] (16th ed. 2014)).  Accordingly, orders in bankruptcy cases are final if they "finally dispose of discrete disputes within the larger case." *Id.* (quoting *Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 657 n.3 (2006)).  "Generally, the easiest way to tell whether an order is

sufficiently final in the bankruptcy context is whether it resolves a proceeding within the bankruptcy that would be a freestanding lawsuit if there were no bankruptcy action." *In re McKinney*, 610 F.3d 399, 402 (7th Cir. 2010). Still, this area of the law "suffers from a lack of clarity." *In re Comdisco, Inc.*, 538 F.3d at 651. "One point that comes through, however, is that a decision or order that resolves only an issue that arises during the administration of a bankruptcy estate is too small a litigation unit to justify treatment as a final judgment." *Id.*

Under this standard, the bankruptcy court's orders overruling Desir's Objection to its jurisdiction and denying her motion for reconsideration are interlocutory, not final. The orders do not resolve what would have been a "a freestanding lawsuit if there were no bankruptcy action." *In re McKinney*, 610 F.3d at 402. Rather, these orders are directed to an issue that arises during the administration of a bankruptcy estate, *In re Comdisco*, 538 F.3d at 651, that is, the determination of core and non-core matters in a bankruptcy proceeding. Moreover, the Court notes that these orders were not necessarily the "final word" on Desir's Objection, as the bankruptcy court invited Desir to renew her Objection by filing it according to the Bankruptcy Rules. (Order Denying Mot. Recons., ECF No. 12-3 at 86–87.) Consequently, Desir must obtain leave from the Court to appeal these interlocutory orders. 28 U.S.C. § 158(a)(3).

## B. Leave of Court

The Court has discretion to exercise jurisdiction over an appeal from an interlocutory order of the bankruptcy court. 28 U.S.C. § 158(a)(3). "The distinction

between appeals from final orders and interlocutory orders is important, as interlocutory appeals are granted at the discretion of the district court and are not a right of the appellant." *In re E. Livestock Co., LLC*, No. 4:12-cv-00128-TWP-WGH, 2013 WL 4479096, at *3 (S.D. Ind. Aug. 20, 2013) (quoting *Dempsey v. McCarthy*, No. 09 C 7949, 2010 WL 918083, at *1 (N.D. Ill. Mar. 10, 2010)).

Section 158(a)(3) does not provide the Court with a standard to determine whether an interlocutory appeal should be granted, but many courts apply the standard set forth in 28 U.S.C. § 1292(b). *See, e.g.*, *Branham Corp. v. Newland Res., LLC*, No. 1:05CV0288-JDT-TAB, 2005 WL 1115856, at *1 (S.D. Ind. Mar. 30, 2005) (collecting cases). Under § 1292(b), an interlocutory appeal should be allowed if it: (1) involves a controlling question of law; (2) over which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may speed up the litigation. *Id.*; 28 U.S.C. § 1292. At bottom, "[i]nterlocutory appeals are to be granted sparingly for exceptional circumstances where a review can materially advance the litigation." *In re E. Livestock Co., LLC*, 2013 WL 4479096, at *3 (quoting *Dempsey*, 2010 WL 918083, at *3).

Here, the § 1292(b) factors do not favor an interlocutory appeal. To start, Desir's appeals do not present a controlling question of law. The bankruptcy court did not address the merits of Desir's jurisdictional objection; rather, it concluded that Desir's Objection failed to comply with the Bankruptcy Rules and invited her to file a proper objection. (Order Denying Mot. Recons., ECF No. 12-3 at 86–87.) On appeal, the Court would first determine whether the bankruptcy court erred by declining to reach

the merits of Desir's Objection. This is not a "controlling question of law" contemplated by § 1292(b). *See, e.g., In re Mack Indus., Inc.*, No. 17-9308, 2021 WL 5280937, at *1 (N.D. Ill. Nov. 12, 2021) (quoting *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000)) ("'Question of law' in the context of § 1292(b) goes to the 'meaning of a statutory or constitutional provision, regulation, or common law doctrine'"). Even if it were, it is not the sort of question over which there is "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). In other words, there is not a substantial likelihood that the bankruptcy court's orders would be reversed on appeal—the bankruptcy court may decline to consider an improper objection or motion especially where, as here, the bankruptcy court invited Desir to renew her objection. Finally, an appeal from the bankruptcy court's orders overruling Desir's Objection and denying her motion for reconsideration would not speed up the litigation, as Desir's bankruptcy case has been dismissed. Though Desir appealed from the bankruptcy court's order denying her relief from the dismissal, this Court recently affirmed that order. Order Affirming Bankruptcy Court's Order, *Desir v. U.S. Bank et al.*, 1:25-cv-828-JRS-TAB (S.D. Ind. Mar. 16, 2026) (ECF No. 23). Accordingly, the Court will not grant Desir leave to appeal.

## IV.    Conclusion

For the foregoing reasons, this appeal is **dismissed**.

**SO ORDERED.**

Date:  _____3/16/2026_____

_____
JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

PAMELA SUE DESIR
3563 Insignia Court
Indianapolis, IN 46214

Nathan Alexander Dewan
Doyle & Foutty, P.C.
ndewan@doylefoutty.com

Christopher Giacinto
Padgett Law Group
PLGinquiries@padgettlawgroup.com

Jessica S. Owens
DOYLE & FOUTTY PC
jowens@doylefoutty.com